UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                                            Case No: 1-08-42384-dem

PHILLIP CHO,                                             Chapter 7

                Debtor.
-----------------------------------------------------------x
DIANA G. ADAMS, as the UNITED
STATES TRUSTEE,

                                                Adversary Proceeding

                Plaintiff,

                                               Case No.: 1-08-01226-dem

     -against-

PHILLIP CHO,

                Defendant.
-----------------------------------------------------------x

**DECISION AND ORDER DIRECTING DISQUALIFICATION OF COUNSEL**

Appearances:

Chunyu Jean Wang, Esq.
Wang Law Office PLLC
Attorney for Debtor and Defendant
36-25 Main Street, Suite 3A
Flushing, New York 11354

David J. Doyaga, Esq.
Doyaga & Schaefer
Attorneys for Plaintiff
26 Court Street, Suite 1002
Brooklyn, New York 11242

William E. Curtin, Esq.
Office of the United States Trustee
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Room 4529
Brooklyn, New York 11201

DENNIS E. MILTON
United States Bankruptcy Judge

On March 25, 2009, this Court issued an Order granting the application of attorney Chunyu Jean Wang to withdraw as counsel for the debtor Philip Cho in the main case and the defendants The Phillip Cho Irrevocable Trust, Yuk Ling Cho, as Trustee of the Phillip Cho Irrevocable Trust and Yuk Ling Cho, individually, in the Chapter 7 case trustee's adversary proceeding (Case No.: 1-08-01113-dem).  Ms. Wang had made this application in response to the Chapter 7 case trustee's motion and in anticipation of an application seeking similar relief from the Office of the United States Trustee in this case (Case No.: 1-08-01226-dem).

In response to Ms. Wang's request that the Court delay the proceedings for ninety days to allow the debtor and defendants time to obtain new counsel and for new counsel to become familiar with the matters, the Court allowed Ms. Wang to remain in the case until new counsel was obtained and adjourned the pretrial conferences in the adversary proceedings for six weeks to May 7, 2009.  This hearing was further adjourned to May 21, 2009.

On or about May 19, 2009, Ms. Wang, who had not withdrawn as counsel, filed an application to convert the main case to a case under Chapter 13 of the Bankruptcy Code. In this motion, Ms. Wang described the unsuccessful attempts of the debtor and the defendants to obtain other counsel.  At the hearing held on May 21, 2009, the Chapter 7 case trustee renewed his motion for an order disqualifying Ms. Wang from representing the debtor and defendants in the  adversary proceeding which he had commenced.   The Court had previously recognized this conflict when it issued its order granting Ms. Wang's application to withdraw as counsel.  The

debtor has an obligation to assist the Trustee in recovering assets for creditors, in contrast to the defendant's interest in retaining assets and preventing the trustee from recovering them.  See Pereira v. Allboro Building Maintenance, Inc., 224 B.R. 286 (Bankr. E.D.N.Y. 1998).  In its Decision and Order dated July 30, 2009, this Court found that an impermissible conflict existed in Ms. Wang's representation of the debtor and the defendants in the Chapter 7 trustee's adversary proceeding.  The Court disqualified Ms. Wang from representation of the defendants in that adversary proceeding.

On June 19, 2009, counsel for the United States Trustee filed a Motion for an Order disqualifying the Wang Law Office and Chunyu Jean Wang, Esq. from representing the debtor in the United States Trustee's adversary proceeding to deny the debtor's discharge (the "Application"). Neither the Wang Law Office nor Chunyu Jean Wang submitted any papers in opposition to the Application.  The adversary proceeding here concerns the validity of a transaction in December 2007, four months prior to the petition date, in which the debtor transferred his interest in real property to a trust.  Ms. Wang has stated that she served as counsel to the debtor in the preparation of the documentation for the transfer of property to the trust and in the preparation of the bankruptcy petition, in which the debtor failed to disclose this transaction.  Ms. Wang has further stated that this transfer was in the ordinary course of business, a defense likely to be advanced by the defendant in this adversary proceeding.  This case will turn on the issue of the debtor's intent with respect to the transfer and the failure to disclose it in his statement of financial affairs.  In light of her admitted involvement in the facts underlying these issues, Ms. Wang is likely to have testimony relevant to the resolution and disposition of the

adversary proceeding. For those reasons, among others, at a hearing held on July 2, 2009, the Court granted this Application and disqualified Ms. Wang from representation of the defendant in the United States Trustee's adversary proceeding. This written Decision and Order follows.

The Court further cautions Ms. Wang to reconsider her continued representation of the debtor in the main case. Since she can expect to be called as a witness on the events surrounding the transfer in the adversary proceedings, Ms. Wang's continued representation of the debtor may also violate Disciplinary Rule 5-102. Disciplinary Rule 5-102 provides in pertinent part:

> A    A lawyer shall not act or accept employment that contemplates the lawyer's acting as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client....
>
> B.    Neither a lawyer nor the lawyer's firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer's firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client.
>
> C.    If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact and may testify in the circumstances enumerated in DR 5-102(B)(1) through (4).

22 N.Y.C.R.R.§ 1200.21.

The Court has stayed discovery in the United States Trustee's adversary proceeding and shall issue an amended pretrial scheduling order at the next status conference in the adversary proceeding. The Court shall hold a status conference in the main case and the

adversary proceedings on September 17, 2009 at 2:00 p.m.

        IT IS SO ORDERED.

Dated: Brooklyn, New York
       August 4, 2009

                                    S/Dennis E. Milton
                                    DENNIS E. MILTON
                                    United States Bankruptcy Judge

To:    Chunyu Jean Wang, Esq.
        Wang Law Office PLLC
        Attorney for Debtor and Defendants
        36-25 Main Street, Suite 3A
        Flushing, New York 11354

        David J. Doyaga, Esq.
        Doyaga & Schaefer
        Attorneys for Plaintiff
        26 Court Street, Suite 1002
        Brooklyn, New York 11242

        William E. Curtin, Esq.
        Office of the United States Trustee
        United States Bankruptcy Court
        Eastern District of New York
        271 Cadman Plaza East, Room 4529
        Brooklyn, New York 11201